UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW JOHNSTON** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 21 C 02720 |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

Andrew Johnston seeks relief pursuant to 28 U.S.C. § 2255 from his conviction and sentence on attempted bank robbery charges. For the reasons explained here, the petition is denied, and the court declines to issue a certificate of appealability. The Clerk is directed to enter judgment in favor of the United States.

## STATEMENT

Andrew Johnston was convicted by a jury on a charge of attempted bank robbery in January 2019 and later sentenced to 168 months in federal custody. The Court of Appeals affirmed his conviction and sentence. *United States v. Johnston*, 814 F. App'x 142 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1257 (2021). On May 28, 2021, the court reduced Johnston's sentence to 151 months pursuant to a Rule 35(b) motion made by the government. FED. R. CRIM. P. 35(b).

On April 29, 2021, Johnston filed a timely petition for relief pursuant to 28 U.S.C. § 2255. Petitioner contends that newly discovered evidence establishes that his Fourth and Fifth Amendment rights were violated. Specifically, Petitioner believes that a recently obtained original version of a recording used at trial confirms there was no probable cause for his arrest and that, consequently, the one-to-one show-up conducted by the police should be suppressed as a matter of law. As explained below, the petition is denied.

Section 2255 provides for a remedy that is available only in limited circumstances, such as where there has been an error that is "jurisdictional, constitutional, or constitutes a fundamental

defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). Section 2255 relief is not available to remedy a Fourth Amendment violation where there has already been an opportunity for full and fair litigation of the claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976). While *Stone* directly applies to state prisoners, the Seventh Circuit has determined that the principles of *Stone* "apply equally" to federal § 2255 motions. *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009) (citing *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004)).

Petitioner Johnston has already had a full and fair opportunity to litigate his Fourth Amendment claim that there was not probable cause for his arrest. In *Cabrera v. Hinsley*, the Seventh Circuit summarized "full and fair" litigation as guaranteeing the "right to present one's case." 324 F.3d 527, 532 (7th Cir. 2003). In *Brock*, the Seventh Circuit explained that, read in context, the right to present one's case simply entails "the right to have a judge listen to and consider the evidence a party actually presents at trial." 573 F.3d at 501. On this basis, *Brock* denied the petitioner's claim for relief despite new evidence that might have supported his Fourth Amendment claim. *Id.* This court does the same with respect to Johnston's claim of insufficient probable cause. Johnston not only had a "full and fair" opportunity to present his case, but he in fact did devote considerable attention to the probable cause issue before trial, making arguments very similar to the ones he is making now.

Were the court to consider his Fourth Amendment challenge anew, it would reach the same conclusion reached earlier: There was ample probable cause to support Johnston's arrest. Johnston was picked up 15 minutes after the bank robbery, less than two miles from the bank, while driving a car that matched the make, color, and *license plate* of the witness's contemporaneous description of the robber's vehicle. The fact that Johnston now has another version of the police recording does not change things. Johnston made the same argument based on the recording used at trial: that the officer was searching for nothing more than a green car. This is not true. Johnston's arrest was in fact supported by numerous other circumstances—most

2

notably, the fact that the license plate on the car he was driving was a perfect match to the plate number provided by an eyewitness to the bank robbery attempt. That match was a sufficient basis for a finding of probable cause on its own. *Johnston*, 814 F. App'x at *146 (7th Cir. 2020) (citing *Maniscalco v. Simon*, 712 F.3d 1139, 1144 (7th Cir. 2013)). And, as the Seventh Circuit noted in affirming his conviction, if information about the car supported nothing more than an investigatory stop, officers who stopped Johnston "saw in plain view, and therefore could lawfully seize, the gloves, mask, and 'Security' cap" that the witness reported he had been wearing at the time of the attempted robbery. 814 F. App'x at *146. Johnston also believes his innocence is proven by discrepancies in the descriptions of the robber's height provided contemporaneously by witnesses. Yet both witnesses positively identified the Petitioner in the show-up just minutes after the attempted robbery. The evidence clearly supports a finding of probable cause.

Finally, Johnston raises a series of additional arguments that are similarly unpersuasive. First, Johnston argues that there was insufficient evidence to convict him of robbery based on the trial testimony of the bank tellers. Johnston, however, made the same argument both at trial and on appeal and has presented no new evidence on this issue to suggest there is any reason to reevaluate it here. Section 2255 is not a proper avenue for reconsidering issues adjudicated during trial or on appeal. Second, Johnston argues that the Seventh Circuit came to the wrong conclusion when considering his sentencing arguments in *Johnston*, 814 F. App'x at 147. That argument fails for the same reason.

Third, Johnston contends that a squad 510 Norridge Police Department recording presents new evidence in support of an argument he made in his motion for new trial—specifically, that a July 25, 2017 "show-up" in which the bank tellers identified him as the perpetrator violated his Fifth Amendment Due Process rights in that it was unnecessarily suggestive so as to make his identification "all but inevitable." *Foster v. California*, 394 U.S. 440, 443 (1969). As noted, Johnston raised this argument earlier, without success. The only new evidence he purports to present are descriptions of the recording in Paragraphs 16 and 19 of the affidavit that he attached

3

to his Section 2255 petition. (Johnston Affidavit [1-1].) According to those paragraphs, (a) at some point Police Deputy John DeVries said, in front of his dashcam, "we got a little bit more information . . . 11 armed robberies," and (b) before officers pulled Johnston over, two witnesses gave differing descriptions of the perpetrator's height; "one person said he was over 6 feet tall then the teller is like no he was my height . . . " (Johnston Affidavit ¶¶ 16, 19.) Neither statement indicates that there was anything suggestive about the "show-up" with the bank tellers. And any challenges to the "show-up" procedure could matter only if there were no other evidence that Johnston was the perpetrator.

## CONCLUSION

Johnston's § 2255 petition is dismissed. Because this court does not assess Fourth Amendment claims in § 2255 petitions where there has already been an opportunity for full and fair litigation, *Brock*, 573 F.3d at 500, the motion, files, and records of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Johnston's remaining arguments are similarly unpersuasive. The court concludes that jurists of reason would not find these questions debatable, and therefore, the court declines to certify any issues for appeal under 28 U.S.C. § 2253(c). Civil case terminated.

ENTER:

Date: June 22, 2021

REBECCA R. PALLMEYER
United States District Judge